**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00051-DCR**

**ALEXANDER KALLMEYER**                                          **PLAINTIFF**

**v.**

**SAMUEL MATHEWS, Individually**                                **DEFENDANT**

---

**MOTION TO ALTER, AMEND, OR VACATE**

---

Comes now Attorney Paul Hill, individually and in his capacity as Attorney for the Plaintiff, and submits the above styled motion pursuant to Rule 59 (e) to vacate the Court's finding of summary contempt against him in the trial of this case. A motion under Rule 59(e) may be granted where there is a clear error of law…….or when doing so would prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## FACTS

The conduct at issue occurred during Voir Dire in the Trial of this case on July 22, 2025. The Court, Counsel for Plaintiff (Mr. Hill), and Counsel for Defendant (Mr. Mando) had completed their questioning of the jury and had completed their arguments for excluding jurors "for cause". The Court was in the process of dismissing the jury so that the Court could draw numbers of the jurors that were not excluded and reduce the jury pool to 16 jurors. At that point a juror raised his hand and asked to approach the bench. The following discussion was held at the Bench outside the hearing of the Jury pool: Please note that this represents the undersigned's best recollection of the events that occurred as no transcript has been reviewed.

The juror told the Court that he saw Frank Schultz, Covington City Solicitor, enter the Courtroom and recognized him as a friend of his. He said that he and Mr. Schultz worked together

in some capacity within a Youth Football organization. The Court did not ask for input from either attorney and stated "well, he doesn't have anything to do with this case" or "he is not involved with this case", referring to Mr. Schultz. Mr. Hill addressed the Court and stated that Mr. Schultz had been very involved in this case. He had attended both depositions taken in the case and that he had been involved with settlement discussions. Mr. Mando objected, and the Court sustained the objection. The Court then dismissed the Juror from further service in the case.

Mr. Hill recognized that he should not have mentioned settlement discussions in front of a juror and apologized to the Court. The Court stated that he was going to dismiss the jury from the Courtroom and proceed with a show cause hearing as to why Mr. Hill should not be held in "Summary Contempt". The Court dismissed the jury and Mr. Hill explained that he was blindsided by the issue and he knew that Mr. Schultz was very involved in the case and he did not want the Court to proceed without that information. He again acknowledged that he should not have mentioned "settlement discussions" but doing so was inadvertent and not intentional and again apologized to the Court. The Court indicated that was not "good enough" and orally found Mr. Hill in "Summary Contempt". The Court stated that the Trial would proceed, and the Court would determine what penalty it would impose after the trial was concluded.

The trial was completed without further issue and ahead of schedule. On day two of Trial the jury returned a defense verdict and the Court informed Mr. Hill that he could purge his contempt by filing notice in each Federal Court in the District in which he is listed as counsel. Such notice should include the fact that he was found in contempt in this case and why he was found in contempt. He was also instructed to file a copy of each filing within this Court. There has been no written signed Order regarding the Contempt finding filed by the Court.

## THE LAW

18 U.S.C. 401 provides that a court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as *Misbehavior* of any person in its presence or so near thereto as to *obstruct the administration of justice.*   In this case, the Court has determined that this was "Summary Contempt" but has not delineated whether the Contempt was Civil or Criminal.  Because the punishment was imposed *after* the Trial was over and was punitive rather than remedial the Contempt finding in this case is Criminal Contempt.  A contempt is criminal when punishment by way of fine or imprisonment is deemed imperative to vindicate the authority of the court. In contrast, civil contempt is remedial rather than punitive, serves only the purpose of the party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance. *See Shillitani v. United States*, 384 U.S. 364, 368-70 (1966).

Federal Rule of Criminal Procedure 43 (3) (b)provides as follows:

> Summary Disposition. Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; …….The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

Criminal contempt in this case would require that Mr. Hill acted with the specific intent to disrupt the trial and that his intention would have to be proved beyond a reasonable doubt.  This court requires that willful disobedience be proved beyond a reasonable doubt and defines willfulness as "a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *Vaughn v. City of Flint*, 752 F.2d 1160, 1169 (6th Cir. 1985).  This applies equally to instances of direct (summary) contempt.  *Id.*  Use of summary contempt procedures is limited to "exceptional circumstances involving acts 'threatening the judge or disrupting a hearing

or obstructing court proceedings.' *Id* citing *In re Chaplain*, 621 F.2d 1272 (4th Cir. en banc), cert. denied, 449 U.S. 834, 101 S. Ct. 106, 66 L. Ed. 2d 40 (1980).

## ANALYSIS

There was not a reasonable basis to hold Mr. Hill in summary criminal contempt in this case. Certainly, this case does not contain such "exceptional circumstances". There was not a threat to the judge or disruption or obstruction of court proceedings. Mr. Hill's reference to Settlement Discussions was made at the bench and was directed to the Court in order to clear up the Court's apparent misconception regarding Mr. Schultz's role in the case. The reference did not include any specific information regarding the amount of any demand or offer to settle that was made in the case. The fact that the Court dismissed the juror was inconsequential as he would have been dismissed anyway, either for cause or through one of Plaintiff's peremptory strikes. As Mr. Schultz's friend, the juror would have been the first strike by Plaintiff.

There was no violation of any Court Order and there was no disrespect of the Court at any point from Mr. Hill. The trial was completed without issue earlier than anticipated. That being said, Mr. Hill recognizes that he made a mistake mentioning settlement negotiations and the Court was correct is sustaining Mr. Mando's objection. He has apologized for his mistake on two occasions and apologizes herein again…to both the Court and Mr. Mando.

Paul Hill has been a licensed attorney in the state of Kentucky and in Federal Court for nearly 33 years. He has never before been held in Contempt of Court and has never been sanctioned by any Court. He has never had a bar complaint filed against him. He has never had a malpractice case filed against him. He requests that the Court vacate its finding of Summary Contempt and remove all references contained within the record referencing same.

Respectfully submitted,

**s/s *Paul J. Hill***
**PAUL HILL**
Attorneys for Plaintiff
10836 Silver Charm Ln.
Union, Ky. 41091
(859) 491-8889
paulhillnkyattorney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Jeffrey C. Mando, Esq.

***/s/ Paul J. Hill***